IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL EUGENE BELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2335-B |
| | § | |
| GAYLE PIERCE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Michael Eugene Bell, a former inmate in the Hunt County Jail,[1] against the Hunt County Criminal Justice Center and Nurse Gayle Pierce. On November 28, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff filed his interrogatory answers with the

---

[1] Plaintiff is currently incarcerated in the Buster Cole State Jail in Bonham, Texas.

district clerk on February 21, 2006. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he was denied medical care for a lesion on his left buttocks in 2003 and an eye infection in 2005. Although plaintiff reported the buttocks wound to jail officials in June 2003, he received no treatment until August 2003. By that time, the wound had become infected causing intense pain. Even after he was treated at a local hospital, plaintiff states that Nurse Gayle Pierce refused to send him back to the emergency room for follow-up treatment and did not change his bandages as ordered by the doctor. Plaintiff further alleges that he was denied medical attention for an eye infection from November 8, 2005 to November 15, 2005, which subjected him to unnecessary pain and discomfort. In an unrelated claim, plaintiff accuses jail officials of opening his legal mail, refusing to provide him with a certified copy of his inmate trust account statement, and denying him access to the law library and legal materials. By this suit, plaintiff seeks unspecified money damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)   is frivolous or malicious;
>
> (2)   fails to state a claim upon which relief can be granted; or
>
> (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Hunt County Criminal Justice Center.  Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit.  *See, e.g. Sneed v. Hunt Co. Medical Dep't*, No. 3-05-CV-2032-H, op. at 3 (N.D. Tex. Jan. 30, 2006), *rec. adopted by* Order (N.D. Tex. Feb. 23, 2006) (Hunt County Medical Department not a proper defendant with jural existence); *Lindley v. Bowles*, No. 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (same as to Dallas County Jail).  Plaintiff fails to allege or otherwise demonstrate that the Hunt County Criminal Justice Center is a separate legal entity with the capacity to be sued.  For that reason alone, the claims against this defendant should be dismissed.

C.

Plaintiff alleges that he was denied medical care for a buttocks wound in 2003 and an eye infection in 2005.  In order to establish a constitutional violation, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d

251 (1976). This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

Plaintiff's claim that he was denied medical care for a lesion on his left buttocks is barred by limitations. A federal civil rights action under section 42 U.S.C. § 1983 must be brought within two years of the date the cause of action accrues. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). By his own admission, the events made the basis of this claim occurred between June 3, 2003 and August 13, 2003. (*See* Interog. #2). However, plaintiff did not file suit until November 28, 2005--more than two years later. The court therefore concludes that this claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that the claims asserted are barred by limitations).

With respect his eye infection, plaintiff has failed to demonstrate that he suffered any physical harm as a result of the seven-day delay in receiving medical treatment. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). In a grievance form attached to his complaint, plaintiff states only that his "eye is worse and very painfull [sic]." (Plf. Compl., Attch.). This is insufficient to establish "physical injury" under the PLRA. *See, e.g. Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary pain and suffering" insufficient to

establish physical injury); *Morgan v. Dallas County Sheriff's Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same as to allegation that plaintiff suffered "undue pain . . . on a regular basis").  Nor has plaintiff alleged any facts which, if proved, establish that the brief delay in receiving treatment for his eye infection "exacerbated or aggravated" an existing injury or otherwise caused harm.  *See Selmon v. North*, No. 7-02-CV-287-R, 2004 WL 2421603 at *2 (N.D. Tex. Oct. 28, 2004).

D.

Plaintiff also accuses jail officials of tampering with his legal mail, refusing to provide him with a certified copy of his inmate trust account statement, and denying him access to the law library and legal materials.  These claims must be analyzed under the more general right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977); *Guajardo v. Estelle*, 580 F.2d 748, 756-57 (5th Cir. 1978) (prisoner has no constitutional interest in non-legal correspondence).  Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."  *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L. Ed.2d 935 (1974).  The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances.  *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed. 2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976).  However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents.  *See Wolff*, 94 S. Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

Plaintiff has not shown that his constitutional rights were violated because detention officers opened his mail.  In his interrogatory answers, plaintiff protests that mail delivery was often delayed

for as much as three days when "I have deadlines I have to meet." (*See* Interrog. #5). When asked to explain how he was harmed by these delays, plaintiff responded only that "[i]t's my rights that were violated." (*Id.*). Such a conclusory assertion is wholly insufficient to state a constitutional violation. *See Swaissi v. Cotten*, No. 3-01-CV-1607-D, 2002 WL 492905 at *3 (N.D. Tex. Mar. 28, 2002).

Plaintiff further alleges that jail officials refused to provide him with a certified copy of his inmate trust account statement. While plaintiff may not have received a statement showing the amount of money on deposit in his jail account for the six-month period immediately preceding the filing of his complaint, *see* 28 U.S.C. § 1915(a)(2), he was provided with an "Inmate Cash Accounting" showing a zero balance in his account. Based on this document, which is signed by an authorized jail official, the court allowed plaintiff to prosecute this action *in forma pauperis*.

Finally, plaintiff has failed to explain how his limited access to the law library and legal materials interfered with his right of access to the courts. Plaintiff alleges only that, by not having access to the Texas Code of Criminal Procedure and other unspecified law books, he cannot challenge his convictions for possession of a controlled substance and burglary of a building. (*See* Interrog. #6 & 7). This vague allegation is wholly insufficient to state a constitutional violation. *See Swaissi*, 2002 WL 492905 at *3, *citing See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (inmate must demonstrate that inadequate law library hindered efforts to pursue an actual legal claim).[2]

---

[2] The court further notes that plaintiff was represented by counsel at all stages of his criminal trial. (*See* Interrog. #6(c) & 7(c)). Under such circumstances, there is no constitutional right of access to a law library. *See Carballo v. Federal Bureau of Prisons*, No. 04-30965, 124 Fed.Appx. 284, 285 (5th Cir. Mar. 23, 2005); *Piper v. Alford*, No. 3-02-CV-2640-P, 2003 WL 21350215 at *2 (N.D. Tex. Jun. 4, 2003).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  February 24, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE